UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CORTES, ANGELICA                                JUY TRIAL DEMANDED

V.

CONNECTICUT JUDICIAL BRANCH                     JULY 2, 2017

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. Count One is an action pursuant to the Civil Rights Act of 1964 as amended alleging discrimination based upon race and color.

### II. JURISDICTION

2. Jurisdiction of this Court is invoked pursuant to 28 U. S. C. § 1332, 1343 (3) and 1367 of Title 28.

### III. ADMINISTRATIVE PROCEDURES

3. Within 180 days of the occurrence of the acts of which she complains, charges of employment discrimination were duly filed with the Commission on Human Rights and Opportunities and the Equal Employment Opportunity Commission by plaintiff against Defendant.

4. Plaintiff received her Right to Sue letter from the Equal Employment Opportunity Commission April 6, 2017. [Copy attached] Plaintiff has complied with all of the procedural prerequisites to suit under the statute aforementioned, having exhausted her

administrative remedies and having received a Right to Sue from the proper administrative agency.

IV.   COUNT ONE:   **CIVIL RIGHTS ACT OF 1964, AS AMENDED (RACE AND COLOR DISCRIMINATION)**

5.   Plaintiff became employed as a Court Support Services Division employee on November 7, 2008.

6.   She was classified as a Juvenile Detention Office at the Bridgeport Juvenile Detention Center (hereafter referred to as a JDO).

7.   Plaintiff's last period of employment was in August 2013 when she was placed on leave due to a workers compensation injury and was given a disability retirement package.

8.   Since on or about June 12, 2014 Plaintiff was released by her doctor to be able to return to full duty.

9.   The Defendant has failed and refused to allow Plaintiff to return to work.

10.   Plaintiff became aware that the Defendant was hiring for JDOs to work in both the Bridgeport and Hartford locations.

11   On or about July 22, 2014 she applied for the vacant position of JDO.

12.   On September 24, 2014 Plaintiff was interviewed for the position of JDO at the Hartford, CT office of the Judicial Branch.  At that time she was asked about her preference in work location.  Plaintiff stated that she was willing to work at the Bridgeport

or Hartford locations.

13.     At all times while she was employed as a JDO Plaintiff performed her job in an exemplary manner.

14.     Plaintiff has not been hired for any of the vacant positions.

15.     Plaintiff is aware that others have been hired who were less qualified than her for the position.

16.     Arelo (first name unknown) was hired in approximately December 2014. She is a new hire from the street with no prior experience as a JDO that Plaintiff is aware of. She is Hispanic. She has been hired to work at the Bridgeport Detention Center.

17.     O'Leary (first name unknown) was hired and began work on September 6, 2014. She is Caucasian. She has no prior experience that Plaintiff is aware of as a JDO but was hired from the street. She has been hired to work at the Bridgeport Detention Center.

18.     Tatter (first name unknown) was hired on or about September 20, 2014 from the street. She has no prior experience that Plaintiff is aware of as a JDO. She is African-American. She has been hired to work at the Bridgeport Detention Center.

19.     Greene (first name unknown) was hired and began work on September 20, 2014 as a JDO. She is African-American. She has no experience that Plaintiff is aware of as a JDO. She has been hired to work at the Bridgeport Detention Center.

20.     Nicole Tyson was formerly a JDO at Bridgeport Detention Center. She was injured on the job and, like Plaintiff, accepted a disability retirement. However, Tyson was rehired as a JDO and returned to work in November 2014. She is Caucasian. She has been

hired to work at the Bridgeport Detention Center.

21.  Since being interviewed for the JDO position Plaintiff has spoken on multiple occasions with Loretta Satchell who was part of the interview panel. She informed Plaintiff that she did a good job in the interview. She further stated that Plaintiff should call her every Friday because they would be hiring more people. Satchell later stopped returning Plaintiff's telephone calls.

22.  Plaintiff has been damaged thereby.

WHEREFORE, Plaintiff prays that the Court grant such relief as may be deemed appropriate, including but not limited to:

(a) Compensatory damages;

(b) Reinstatement to the position of JDO;

(c) Attorney's fees and costs.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues.

THE PLAINTIFF
By: ___/S/ Josephine S. Miller___
Josephine Smalls Miller, FED BAR # ct27039
152 Deer Hill Avenue, Suite 302
Danbury, CT 06810
Tel: (203) 512-2795
Fax: (203) 702-5188
Email: jmillerlaw@sbcglobal.net

EEOC Form 161 (11/16)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Angelica Cortes
230 Stoddard Rd
Waterbury, CT 06708

From: Boston Area Office
John F. Kennedy Fed Bldg
Government Ctr, Room 475
Boston, MA 02203

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2015-00823 | Amon L. Kinsey, Jr., Intake Supervisor | (617) 565-3189 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other (briefly state)    **Charging Party is pursuing claim in another forum.**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Kenneth An*     APR 0 3 2017

Feng K. An,
Area Office Director

(Date Mailed)

Enclosures(s)

cc:
STATE OF CONNECTICUT JUDICIAL BRANCH
60 Housatonic Ave
Bridgeport, CT 06604

Josephine S. Miller
ATTORNEY AT LAW
152 deer hill ave suite 302
Danbury, CT 06810